(*Court of Cook County.*)

Clingman

vs.

World's Columbian Exposition, et al.

(——, 1893)

1. CONTEMPT — VIOLATION OF INJUNCTION — DIRECTORS ORDERING WORLD'S COLUMBIAN EXPOSITION CLOSED ON SUNDAY.  All the directors who voted to keep the World's Columbian Exposition closed on Sunday in spite of an injunction to the contrary are in contempt of court.

2. SAME—MITIGATING CIRCUMSTANCES.  A director, who voted in favor of the resolution because the official attorney of the fair

told him that through court proceedings the injunction would be modified so that the vote would not result in a violation of the injunction, has mitigating circumstances in his favor but is nevertheless in contempt as he took no further steps to see that the injunction was not violated.

3. SAME—EXECUTIVE OFFICERS—ADVICE OF COUNSEL. Executive officers who followed the directions of the board of directors upon being advised by counsel that the injunction had lost its effect will be discharged.

4. SAME. An executive officer who followed the directions of the board of directors because he was told to do so is 'in contempt.

Motion to attach for contempt.

STEIN, J.:—

On the 14th day of July last, the board of exposition directors adopted two resolutions, prefaced by four preambles, the meaning, intent and object of which was to keep thereafter the World's Fair closed on Sundays. The persons voting for the resolutions did so without any one advising them that the injunction which forbade the closing of the fair on Sunday was no longer in force. Of the respondents now before the court, Lyman J. Gage, Charles L. Hutchinson, Charles Henrotin, Andrew McNally, William D. Kerfoot and Victor F. Lawson voted for the resolutions and Adolph Nathan voted against them. The resolutions in terms provided that a certified copy thereof and of the preambles be transmitted to the council of administration, consisting of Messrs. Higinbotham and Schwab, members of the board of directors, and St. Clair and Massey, members of the national commission. Although it does not expressly appear, it is fair to presume from the proofs that the certified copy of the preambles and resolutions reached the council of administration on or about the 22nd day of July. On that day, the council, acting upon and in pursuance of the resolutions, ordered all buildings within the exposition grounds and the gates of admission to be closed on July 23rd, and directed a copy of the order to be forthwith sent to the director general, George R. Davis, with instructions

29

to enforce the same. Accordingly, the grounds were closed to the public on Sunday, the 23rd day of July.

That this was a violation of the injunction issued by the court is beyond a doubt. It is also clear that the persons primarily and principally liable for the violation are the directors who voted for the resolutions; without the passage of the resolutions nothing that followed would have happened; it is the directors who manage and control the affairs of the corporation. The council of administration and director general are merely executive officers, carrying out the orders given them by their superiors.

At the time the injunction was applied for the directors made no objection. When it served their purposes and was in their way as an obstruction to Sunday closing, they simply ignored it. There is nothing in the proofs which tends to mitigate or excuse their act in defying and overriding the process of this court. It is an offence which cannot be permitted to go unrebuked. In ordinary cases the facts constituting the breach of an injunction are known to none but the immediate parties; yet, when the breach is brought to the knowledge of the court, the law is swift to punish the offender. Here the violation of this injunction was as public and notorious as it possibly could be; it was commited by men of the highest standing and intelligence in the community, who, of all others, should have scrupulously obeyed the law and thereby set an example to the rest.

It is the sentence of the court, and it is hereby ordered, that Lyman J. Gage, Charles L. Hutchinson, Charles Henrotin, Andrew McNally and William D. Kerfoot be each fined one thousand dollars and stand committed to the county jail until such fine is paid. As to Adolph Nathan, who voted against the resolutions, the rules are discharged.

The case of Mr. Lawson stands upon a somewhat different footing. He also voted for the resolutions, but under mitigating circumstances. As appears from his answer, he was told by Edwin Walker, the solicitor general of the exposition, that through some court proceedings the injunction would be modified or dissolved, and that the contemplated

action of the directors in adopting resolutions would not result in any violation of the injunction and would not be carried into effect until after a modification or dissolution. Thus believing, he voted for the resolutions. Thereupon, it became his duty to see to it that they would not be enforced until the injunction was out of the way. But he did nothing of the kind, so far as appears. For the contempt committed by him he is fined one hundred dollars, to stand committed with the others.

Before the council of administration took action upon the resolutions by way of directing the director general to close the fair, they applied to Mr. Eddy, law partner of Mr. Walker for advice. He advised them that by reason of the people of the state having been made a party to the suit, the injunction had lost its effect. While the court is of opinion that the advice thus given was unsound, yet the members of the council acted upon it in good faith. They swear that had they not been so advised, they would not have ordered the closing of the fair. As to them, being Messrs. Higinbotham, Schwab, St. Clair and Massey, the rule is also discharged. Neither Higinbotham nor Schwab voted for the resolutions and St. Clair and Massey are not directors.

The remaining respondent is Mr. Davis. If his excuse that he only did what he was told to do were to avail, a ready method would be provided for evading every injunction hereafter to be issued; still his guilt is much less aggravated than that of the directors, and he also was informed that before actually closing the fair on Sundays, steps would be taken to get the injunction modified or dissolved and he believed this had been done when he ordered the fair closed. A mere belief, however, was not sufficient; it was his duty to inquire and ascertain whether in point of fact the injunction had ceased to be operative or to obtain the advice of counsel. He did neither, but took it upon himself to close the fair and thereby committed a breach of the injunction. For this breach he is fined two hundred and fifty dollars and to stand committed until the fine is paid.